## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PIPER PETERSON and ) | |
| JEANIE PETERSON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | No. 07-2603-CM |
| MICHAEL MOLDOFSKY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff Piper Peterson[1] brings this case against defendant Michael Moldofsky alleging

intentional infliction of emotional distress, defamation, and invasion of privacy. This case is

pending before the court on defendant's Motion to Dismiss for Lack of Personal Jurisdiction,

Improper Venue or, in the Alternative, to Transfer (Doc. 6). Because plaintiff has made allegations

that support personal jurisdiction and venue, the court denies defendant's motion.

## I. Personal Jurisidiction

### 1. Legal Standard

A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Fed.*

*Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). To demonstrate

personal jurisdiction sufficient to defeat a motion to dismiss, a plaintiff need only make a prima facie

showing that jurisdiction exists. *Ten Mile Indus. Park v. W. Plains Serv. Co.*, 810 F.2d 1518, 1524

(10th Cir. 1987). "In ascertaining the facts necessary to establish jurisdiction, the district court must

accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the

---

[1] The court recognizes that there are two plaintiffs involved in this case; however, Piper Peterson is the only plaintiff at issue in all of the claims. Jeanie Peterson is only involved in one of the intentional infliction of emotional distress claims. The parties refer to "plaintiff" in the singular, and for purposes of this opinion, the court will, also.

defendant's affidavits." *Id.* However, the plaintiff has the "duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." *Pytlik v. Prof'l Res., Ltd.*, 887 F.2d 1371, 1376 (10th Cir. 1989). The complaint and any affidavits submitted are to be construed, and any doubts are to be resolved, in the light most favorable to the plaintiff. *Fed. Deposit*, 959 F.2d at 174.

In analyzing a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the court must determine whether the defendant's conduct falls within one of the provisions of the Kansas long-arm statute, Kan. Stat. Ann. § 60-308, and whether the exercise of jurisdiction would offend the constitutional guarantee of due process. *See Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990). However, "these inquiries are for all intents and purposes the same because the Kansas long-arm statute . . . has been liberally construed by the Kansas courts to assert personal jurisdiction to the full extent permitted by the due process clause." *Flannagan v. Bader*, 905 F. Supp. 933, 936 (D. Kan. 1995). Therefore, the court proceeds directly to the constitutional inquiry. *See OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998) (citation omitted); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304–05 (10th Cir. 1994).

Plaintiff does not argue that the court has general jurisdiction over defendant. Accordingly, the court only looks at whether it has specific jurisdiction over defendant.

To determine whether specific jurisdiction is appropriate, the court must first decide whether the defendant has such minimum contacts within the forum state "that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Second, the court must then consider whether the exercise of personal jurisdiction

offends "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court of Calif., Solano County*, 480 U.S. 102, 113 (1987).

A plaintiff meets the minimum contacts requirement by showing that (1) the defendant purposefully availed himself of the privilege of conducting activities within the forum state–thereby invoking the benefits and protections of the state's laws–and (2) the claims against him arise out of or relate to those contacts. *Kuenzle v. HTM SportUnd Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996).

**2. Analysis**

*a. Purposeful Availment*

Plaintiff argues that defendant satisfies the minimum contacts requirement because defendant sent emails to residents of Kansas with the purpose of causing harm to plaintiff in Kansas. To support her position, plaintiff relies on *Calder v. Jones*, 465 U.S. 783 (1984). In *Calder*, two Florida defendants wrote and edited an allegedly libelous magazine article that was disseminated in California. *Id.* at 784. The article allegedly caused harm to a California resident, who brought suit in California. *Id.* The court held that personal jurisdiction existed over the defendants because "their intentional conduct in Florida [was] calculated to cause injury to [the plaintiff] in California." *Id.* at 791. The court reasoned that most of the harm or effects to the plaintiff's career or reputation occurred in California, and that the defendants knew the plaintiff would suffer the majority of the harm in California. *Id.* at 788–90. Plaintiff claims that this case is similar to *Calder* because plaintiff suffered emotional distress and damage to her reputation as a result of the emails that defendant intentionally sent to individuals in Kansas.

The court agrees with plaintiff and finds that plaintiff has made a prima facie case of purposeful availment. Here, like in *Calder*, defendant has allegedly committed intentional

conduct—dissemination of emails—with the purpose of injuring individuals in Kansas.  These emails form the basis of plaintiff's claims.  Defendant argues that jurisdiction is only proper where the events in the photographs took place and where the emails originated.  But these events are irrelevant to plaintiff's claims.  It is the emails that form the basis of plaintiff's claims.  The content of the emails is what allegedly injured plaintiff in Kansas and that is what defendant allegedly intended to happen.  Because of his actions, defendant should have "reasonably anticipate[d] being haled into court" in Kansas.  *See World-Wide Volkswagen Corp.*, 444 U.S. at 297.  Defendant was the primary participant in an alleged wrongdoing that was intentionally directed at a Kansas resident.  *See Calder*, 465 U.S. at 790.

*b.  Arise out of or relate to*

Plaintiff's claims appear to arise out of and/or relate to the minimum contacts identified above.

*c.  Traditional notions of fair play and substantial justice*

The court next turns to whether asserting personal jurisdiction over defendant would offend "traditional notions of fair play and substantial justice."  *Int'l Shoe v. Wash.*, 326 U.S. 310, 316 (1945).  This turns on whether it is reasonable for the court to exercise personal jurisdiction.  *OMI Holdings*, 149 F.3d at 1091.  An "interplay exists between the two components [of the specific jurisdiction inquiry], such that, 'depending on the strength of the defendant's contacts with the forum state, the reasonableness component of the constitutional test may have a greater or lesser effect on the outcome of the due process inquiry.'"  *Id.* at 1091–92 (quoting *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2nd Cir. 1996)); *see Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1280 (10th Cir. 2005) ("[T]he analyses of minimum contacts and reasonableness are complementary, such that the reasonableness prong of the due process inquiry

evokes a sliding scale: the weaker the plaintiff's showing on [minimum contacts], the less a defendant need show in terms of unreasonableness to defeat jurisdiction."). The court considers "(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies." *OMI Holdings*, 149 F.3d at 1095 (citing *Asahi*, 480 U.S. at 113). If these factors are strong, they may establish jurisdiction even though the minimum contacts are minor. *Id.*

With respect to the first factor, defendant lives in California and defending a suit in Kansas would undoubtedly burden him. However, "[d]efending a suit in a foreign jurisdiction is not as burdensome as in the past." *Cont'l Am. Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1314 (10th Cir. 1982) (citing *Hanson v. Denckla*, 357 U.S. 235, 250–51 (1958)). This factor is neutral.

With respect to the second factor, Kansas has a strong interest in adjudicating this controversy because the alleged injury was suffered by a Kansas resident in the state of Kansas. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 483–84 (1985). This factor weighs in favor of plaintiff.

With respect to the third factor, plaintiff's interest in receiving convenient and effective relief weighs in favor of exercising personal jurisdiction in Kansas. Pursuing this claim in another forum would be burdensome on plaintiff because plaintiff and virtually all of the witnesses reside in Kansas. *See OMI Holdings*, 149 F.3d at 1097.

With respect to the fourth factor, the court evaluates whether Kansas would best further the interstate judicial system's interest in obtaining efficient resolution of controversies. *Id.* In evaluating this factor, courts look at the location of witnesses, the location of the underlying wrong,

-5-

what forum's law applies and "whether jurisdiction is necessary to prevent piecemeal litigation." *Id.* The first consideration favors plaintiff because virtually all of the witnesses are located in Kansas. The second consideration also favors plaintiff because the alleged wrong occurred in Kansas. The third consideration favors plaintiff because the alleged injury occurred in Kansas; therefore, Kansas law will apply. *Dow Chem. Corp. v. Weevil-Cide* Co., 630 F. Supp. 125, 127 (D. Kan. 1986) (stating that "[i]n a diversity action . . . , a federal court must apply the choice of law rules of the forum state."); *Kan. Mun. Gas Agency v. Vesta Energy Co.*, 840 F. Supp. 814, 822–23 (D. Kan. 1993) (stating that, in a tort case, the law of the state where the injury occurred should be applied). The final consideration does not strongly favor either party. Overall, the court finds that the interstate judicial system's interest is best served by litigating the dispute in Kansas.

With respect to the fifth factor, the court focuses on whether exercising jurisdiction in Kansas would affect "the substantive social policy interests of other states or foreign nations." *OMI Holdings*, 149 F.3d at 1097. The court finds no facts suggesting that the exercise of personal jurisdiction in Kansas would affect the social policy of any other state. Therefore, this factor weighs in favor of plaintiff.

After evaluating the relevant factors, the court finds that exercising personal jurisdiction over defendant would not offend traditional notions of fair play and substantial justice. Accordingly, the court will not dismiss the case for lack of personal jurisdiction.

## II.  Venue

Whether to dismiss a case for improper venue "lies within the sound discretion of the district court." *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1191 (10th Cir. 1998). When the defendant raises the issue of venue, the plaintiff has the burden of establishing that venue is proper in the district in which the plaintiff filed the action. *Mohr v. Margolis, Ainsworth & Kinlaw*

*Consulting, Inc.*, 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006) (citation omitted).  If a plaintiff pleads multiple claims, "venue must be proper for each claim."  *Gen. Bedding Corp. v. Echevarria*, 714 F. Supp. 1142, 1144 (D. Kan. 1989) (citing *Beattie v. United States*, 756 F.2d 91, 100 (D.C. Cir. 1984)).  Additionally, the court may consider affidavits and other material beyond the allegations in the complaint in deciding a motion to dismiss for improper venue.  *Pierce*, 137 F.3d at 1191.

Under 28 U.S.C. § 1391(a), a party may bring a civil action in one of three places:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Here, the court must determine whether a substantial part of the events giving rise to plaintiff's claims occurred in the District of Kansas.  Venue is not proper here unless plaintiff can show that "substantial operative facts" occurred in this district.  *Monarch Normandy Square Partners v. Normandy Square Assocs. Ltd. P'ship*, 817 F. Supp. 899, 904 (D. Kan. 1993).  But this district need not be the site of most of the contacts; "venue may be proper even if contacts with another district were more substantial."  *B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 229 F. Supp. 2d 1209, 1223 (D. Kan. 2002) (quoting *Wempe v. Sunrise Medical HHG, Inc.*, 61 F. Supp. 2d 1165, 1173 (D. Kan. 1999)).

As discussed above, substantial operative facts for each of plaintiff's claims have occurred in this district.  The emails were disseminated to many Kansas residents and plaintiff's harm was suffered in Kansas.  The only actions relevant to plaintiff's claims that happened outside of Kansas were defendant's acts in sending the emails from California, and the acts of taking the photographs in New Mexico.  Those actions do not outweigh the substantial number of operative facts that

occurred in Kansas.  Accordingly, the court finds that venue is proper in the District of Kansas.

## III.  Transfer of Venue

### 1.  Legal Standard

The federal statute governing transfer of venue provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  The intent of § 1404(a) is to "'place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness.'"  *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).  "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."  *Id.* at 1515 (citing *Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978).

When determining whether to transfer a case, the court must consider the following factors:

> [P]laintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit Corp.*, 928 F.2d at 1516 (citing *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).

The court bears in mind that transfer is not appropriate if the result is merely to shift the inconvenience from one party to the other.  *KJC Corp. v. Kinetic Concepts, Inc.*, 18 F. Supp. 2d 1212, 1214 (D. Kan. 1998).  Unless these factors weigh strongly in the defendant's favor, the

"plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (quoting *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972)).

**2.  Analysis**

The court concludes that defendant has failed to establish that the District of Kansas is an inconvenient forum, and accordingly, transfer is not proper here.  Defendant asserts that all of the factors weigh in favor of transfer.  However, there are several factors that are not specifically addressed by either party.  Regarding those factors, the court finds no facts that would suggest they have any relevance here.

Specifically, defendant asserts that the convenience and availability of witnesses, costs of obtaining witnesses, and choice of law weigh in favor of transfer.  Regarding witnesses, virtually every witness will be an individual who received an email from defendant concerning plaintiff's claim.  Those individuals reside in Kansas and it would be burdensome for them to travel to New Mexico or California.  Plaintiff asserts that the only witness residing outside of the Kansas area will be defendant, who resides in California.  Therefore, it would be more convenient for witnesses if this matter were litigated in Kansas.  Additionally, the costs of obtaining the attendance of witnesses would be significantly less if the trial were held in Kansas.

Regarding choice of law, defendant asserts that New Mexico or California law will apply, but provides no case law or analysis to support his position.  As discussed above, Kansas law will apply to plaintiff's claim.  Therefore, it would be more convenient for a Kansas court to decide issues of Kansas law.

Defendant also alleges that a settlement has already been reached regarding this matter.  However, according to plaintiff's complaint, the settlement was regarding a restraining order.  There

is no evidence before the court to indicate that there was a settlement regarding the claims plaintiff currently brings before this court. Therefore, this issue does not affect the court's decision regarding transfer.

Defendant has failed to establish that the potential costs and inconvenience of litigating this matter in Kansas significantly outweigh the potential costs and inconvenience of litigating this matter in New Mexico or California. A transfer in this case would simply increase plaintiff's burden in litigating this matter. Without more evidence from defendant, the court will not disturb plaintiff's legitimate choice of forum. Therefore, the court denies defendant's request for a transfer of venue.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and in the Alternative Motion to Transfer Venue (Doc. 6) is denied.

Dated this 23rd day of July, 2008, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**

-10-