## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS
## AT KANSAS CITY

**PIPER PETERSON**, an individual )
)
And )
)
) Case No.:07-2603-EFM
**JEANIE PETERSON**, an individual )
              Plaintiffs, )
    vs. )
)
)
**MICHAEL MOLDOFSKY**, an )
individual )
            Defendant. )

## PLAINTIFFS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

1

INSTRUCTION NO. _____ [1]

*Plaintiff Piper Peterson seeks to recover damages from Defendant Michael Moldofsky based upon a claim of invasion of privacy by publicity given to private life.* [2]

The right of privacy is the right to be let alone.

In order to constitute an invasion of the right of privacy, the act must be of such a nature that would cause mental distress or injury to a person having ordinary feelings and intelligence.

The right of privacy is invaded if another:

Publicizes matters of a kind highly offensive to an ordinary man concerning the private life of another *and*

*Such matter is not of legitimate concern to the public.* [3]

---

[1] Source:  Pattern Instructions Kansas 4th Civil, Model Instruction 127.61.
[2] Source:  Introductory language added for clarity.
[3] Source:  Additional element added pursuant to <u>Werner v. Kliewer</u>, 238 Kan. 289, 295, 710 P.2d 1250, 1256

INSTRUCTION NO. _____ [4]

If you find for Plaintiff Piper Peterson for her claim of invasion of privacy by publicity given to private life, you will then determine the amount of her recovery.  You should allow her such amount of money as will compensate her for any mental suffering, shame or humiliation that resulted from the occurrence in question.

*Where the right or privacy is invaded, the person injured by invasion is entitled to recover substantial damages although the only damage suffered by Plaintiff Piper Peterson results from mental anguish.  Substantial damages are damages of real worth and importance, of considerable value as opposed to nominal damages that are assessed to satisfy a bare legal right.* [5] [6]

The amount of your verdict may not exceed $246,000, the amount of plaintiff's claim.

---

[4] Source:  Pattern Instructions Kansas 4th Civil, Model Instruction 127.63.
[5] Source:  Johnson v. Boeing Airplane Co., 175 Kan. 275, 262 P.2d 808 (1953), See also, Kunz v. Allen, 102 Kan. 883, 172 P. 532 (1918).
[6] Source:  Federal Jury Practice & Instructions, WEST, Fifth Edition, Volume 3, pp 370-371.

INSTRUCTION NO. _____[7]

One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and, if bodily harm to the other results from it, for such bodily harm.

In considering whether the Defendant is liable to the Plaintiff Piper Peterson, you should determine if the conduct of the defendant:

1. Was extreme and outrageous;
2. Was intentionally or recklessly inflicted upon the plaintiff;
3. Caused severe emotional distress to the plaintiff.

To be extreme and outrageous, the conduct complained of must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  If a recitation of the facts to an average member of the community would arouse his or her resentment against the actor, then you should find defendant's conduct to have been extreme and outrageous.[8]

---

[7] Source:  Pattern Instructions Kansas 4th Civil, Model Instruction 127.70.
[8] Source:  Pattern Instructions Kansas 4th Civil, Model Instruction 127.71

INSTRUCTION NO. _____ [9]

One who by extreme and outrageous conduct directed at an immediate member of the plaintiff's family intentionally or recklessly causes severe emotional distress to the plaintiff is subject to liability for such emotional distress.

One claiming injuries for emotional distress must show:
    1. That the defendant's conduct was extreme and outrageous;
    2. That the defendant's conduct was directed at a third person, other than the plaintiff;
    3. That Plaintiff Jeanie Peterson is a member of the immediate family of that third person and was present; and
    4. That the plaintiff sustained severe emotional distress as a result of that conduct;
    5. That the defendant, by his conduct, intentionally or recklessly caused severe emotional distress to the plaintiff.

_____

[9] Source:  Pattern Instructions Kansas 4th Civil, Model Instruction 127.72.

INSTRUCTION NO. _____ [10]

Extreme and outrageous conduct is conduct which is so outrageous in character and so extreme in degree that a reasonable member of the community would regard this conduct as utterly intolerable and going beyond all bounds of decency in a civilized community.  When knowledge of all the facts would arouse a reasonable person's resentment against the actor and lead him or her to exclaim "outrageous," the conduct is deemed extreme and outrageous.

---

[10] Source: Pattern Instructions Kansas 4th Civil, Model Instruction 127.71.

INSTRUCTION NO. _____ [11]

Reckless conduct means a disregard or an indifference to the consequence of that conduct under circumstances involving danger to life or safety of others, although no harm was intended. A person who is reckless must know or have reason to know of facts which create a high degree of risk of harm to another, and then, indifferent to what harm may result, proceeds to act.

Intent to cause severe emotional distress exists when one engages in conduct with a desire to cause this distress in another person, or when he knows his conduct will cause that result.

---

[11] Source: Pattern Instructions Kansas 4th Civil, Model Instruction 127.73.

INSTRUCTION NO. _____ [12]

When you retire to the jury room, you will first select one of your members to preside over your deliberations and speak for the jury in court. The presiding juror shall complete and sign the verdict form.

Turn off your cell phones and do not use them to take incoming calls or make outgoing calls during your deliberations.

Your verdict must be by ten or more jurors in this case.

Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.

_____
                                                                        **Date**

_____
                                                            **District Judge**

---

[12] Source:  Pattern Instructions Kansas 4th Civil, Model Instruction 181.01.

Respectfully submitted,

By:    /s/ Christopher P. Lawson
        Christopher P. Lawson KS Bar #17688
        Lawson Law Office, LLC
        6750 Antioch Rd., Suite 301
        Overland Park, KS 66204
        Ph:    913-432-9922
        Fax:   913-432-9933

        Rachel E. Smith KS Bar #19354
        Brett Coonrod KS Bar # 9303
        7001 West 79th Street
        Overland Park, KS 66204
        (913) 495-9965
        (913) 894 1686 fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Jerry L. Wallentine #22399
130 N. Cherry, Suite 201
Olathe, KS 66061
Ph:    913-780-6666
Fax:   913-780-6565
Email: jw@kc-attorney.com
Attorney for Defendant