# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

PIPER PETERSON, et el.,

        *Plaintiffs*,

vs.

MICHAEL MOLDOFSKY,

        *Defendant.*

Case No. 07-2603-EFM

## MEMORANDUM AND ORDER

    This case arises out of Defendant's decision to send an email containing pictures of Plaintiff Piper Peterson engaged in various sexual acts with two other people to Piper's mother, co-Plaintiff Jeanie Peterson, ex-husband, ex-in laws, current boyfriend, and coworkers. Plaintiffs filed suit against Defendant on October 31, 2007, asserting various tort claims. Specifically, Piper asserted claims of intentional infliction of emotional distress and invasion of privacy–publicity given to private fact. Jeanie, based on the emotional distress that she suffered from receiving Defendant's email, asserted a claim of intentional infliction of emotional distress. In addition to their underlying claims, Plaintiffs' also sought punitive damages.[1]

    On November 2, 2009, Plaintiffs' claims were tried to a jury. At the conclusion of the trial, the jury returned a verdict in favor of Plaintiffs on all claims. The jury awarded Piper $18,000 in

---

[1] For a more thorough recitation of the facts of this case, please see the Court's order resolving Plaintiffs' and Defendant's motions for summary judgment, *Peterson v. Moldofsky*, 2009 WL 3126229 (D. Kan. Sept. 29, 2009).

actual damages and $25,000 in punitive damages. The jury awarded Jeanie $7,500 in actual damages and $12,500 in punitive damages.

This matter is now before the Court on Defendant's renewed motion for judgment as a matter of law. For the following reasons, the Court denies Defendant's motion.

## II. Standard of Review

Motions for judgment as a matter of law should be "cautiously and sparingly granted."[2] A party is entitled to judgment as a matter of law only if the evidence, viewed in a light most favorable to the nonmoving party, "points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion."[3] In making its determination, the court does not weigh the evidence, pass on the credibility of the witnesses, or substitute its conclusions for those of the jury.[4]

## II. Analysis

In his motion, Defendant challenges the jury's verdict on all three of Plaintiffs' claims against him. With respect to Piper's privacy claim, Defendant contends that he is entitled to judgment as a matter of law because Piper failed to show that sufficient publicity was given to the email in question. With respect to both Plaintiffs' claims of intentional infliction of emotional distress, Defendant avers that judgment should be entered in his favor because neither Piper nor

---

[2] *Black v. M & W Gear Co.*, 269 F.3d 1220, 1238 (10th Cir. 2001) (quoting *Weese v. Schuckman*, 98 F.3d 542, 547 (10th Cir. 1996)).

[3] *Sanjuan v. IBP, Inc.*, 275 F.3d 1290, 1293 (10th Cir. 2002) (quotation omitted); *see also Freeman v. Gerber Prods. Co.*, 506 F. Supp. 2d 529, 534–35 (D. Kan. 2007).

[4] *Turnbull v. Topeka State Hosp.*, 255 F.3d 1238, 1241 (10th Cir. 2001).

Jeanie suffered the requisite extreme and severe emotional distress and any distress they did suffer was exaggerated and unreasonable.

*A. Privacy–Publicity Given to Private Fact*

To succeed on a claim of publicity given to private life, the plaintiff must show that the defendant gave publicity to a matter concerning his private life that is of a kind that "would be highly offensive to a reasonable person" and "is not of legitimate concern to the public."[5] Here, Defendant contends once again that he is entitled to judgment as a matter of law because Plaintiff failed to meet this tort's publicity requirement. More specifically, Defendant contends that the communication of a private fact to five or six people is, as a matter of law, not sufficient publication. Defendant premises his argument exclusively on *comment a* of the Restatement (Second) of Torts § 652D, which states:

> [P]ublicity . . . means that the matter is made public, by communicating it to the public at large, or to so may persons that the matter must be regarded as substantially certain to become one of public knowledge . . . it is not an invasion of the right of privacy . . . to communicate a [private fact] to a single person or even to a small group of persons.

As noted by the Court in its summary judgment order, *comment a's* statement regarding the communication of private fact to a small group of persons does not control here. To begin with, this case, unlike the cases that have quoted *comment a*, does not involve a traditional form of communication, such as paper mail[6] or an oral conversation[7]. This distinction is significant

---

[5] *Werner v. Kliewer*, 238 Kan. 289, 295, 710 P.2d 1250, 1256 (1985) (quoting the Restatement (Second) of Torts § 652D).

[6] *See, e.g., Werner*, 238 Kan. 289, 710 P.2d 1250.

[7] *See, e.g., Frye v. IBP, Inc.*, 15 F. Supp. 2d 1032 (D. Kan. 1998); *Dominguez v. Davidson*, 266 Kan. 926, 974 P.2d 112 (1999).

because the form of communication in question here, an Internet email, enables its users to "quickly and inexpensively surmount[]" the barriers to generating publicity that are inherent in the traditional forms of communication.[8]  Furthermore, the fact that *comment a* was published at a time when few, if any, contemplated the possibility of a single, noncommercial, individual being able to distribute information, including personal information, "to anyone, anywhere in the world" in just a matter of seconds militates against the *comment's* application in the present case.[9]  Today, unlike 1977, the year that the American Law Institute officially adopted the Restatement (Second),[10] due to the advent of the Internet, "the barriers of creating publicity are slight."[11]  Therefore, for these reasons, the Court holds that *comment a*, and the case law interpreting it, does not preclude a jury finding that an email sent to a only small number of people is substantially certain to become public knowledge.

Contrary to Defendant's assertion, the Court's ruling does not mean that in every case where the communication in question is an email that the tort's publicity requirement is satisfied. As stated by the Court both in its summary judgment order and at trial, when determining whether the publicity requirement has been met, the context of the communication must be examined.  In cases involving an email, the Court must consider, among other things, the nature of the email and to whom the email was sent.

---

[8]*Meyerkord v. Zipatoni Co.*, 276 S.W.3d 319, 325 (Mo. Ct. App. 2008).

[9]*Reno v. ACLU*, 521 U.S. 844, 850 (1997); *see also Blumenthal v. Drudge*, 992 F. Supp. 44, 48 (D.D.C. 1998) ("[The Internet] enables people to communicate with one another with unprecedented speed and efficiency and is rapidly revolutionizing how people share and receive information.").

[10]*Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1545 (10th Cir. 1992).

[11]*Welling v. Weinfeld*, 866 N.E.2d 1051, 1059 (Ohio 2007).

In the present case, at trial, Plaintiff Piper produced evidence showing that Defendant sent an email containing sexually explicit material to a group of people closest to Piper: her mother, ex-husband, ex-in laws, current boyfriend, and coworkers. While the Court agrees that it is unlikely that Piper's mother will distribute the incriminating photos to the public, the Court cannot, as a matter of law, say that her ex-husband, or any of the other recipients for that matter, will not. Based on who received the email, the salacious nature of the email, and the relative ease that the email's recipients could spread its content to the masses, the Court believes that a rational jury could find that the email's contents are substantially certain to become public knowledge. The fact that Plaintiff did not produce evidence conclusively proving that the email was sent to the public at large is inapposite. Plaintiff merely needed to produce enough evidence to create a question of whether it was substantially certain that the contents of the email were to become public knowledge. Because the Court believes Plaintiff has met this burden, it denies Defendant's motion as it relates to this claim.

## B. *Intentional Infliction of Emotional Distress*

To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must demonstrate: "(1) defendant's conduct was intentional or in reckless disregard of plaintiff; (2) defendant's conduct was extreme and outrageous; (3) there is a causal connection between defendant's conduct and plaintiff's emotional distress; and (4) plaintiff's mental distress is extreme and severe."[12] Before an intentional infliction of emotional distress claim can go to the jury, the court must make two threshold determinations: (1) that the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery and (2) that the

---

[12]*Roberts v. Saylor*, 230 Kan. 289, 293, 673 P.2d 1175, 1179 (1981).

emotional distress suffered by the plaintiff is of such extreme degree the law must intervene because no reasonable person should be expected to endure it.[13] "[T]here can be no liability where the plaintiff has appeared to suffer exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor had knowledge."[14]

In the present case, Defendant contends that he is entitled to judgment as a matter of law on Plaintiffs' intentional infliction of emotional distress claims for two reasons. First, Defendant argues that Plaintiffs have failed to show that they have suffered distress that no reasonable person should be expected to endure, a threshold requirement. Second, to the extent Plaintiffs have suffered emotional distress, Defendant claims that their distress is exaggerated and unreasonable.

**Severeness of Plaintiffs' Distress**

In support of his argument that Plaintiffs' distress is not sufficiently severe, Defendant cites to *Carraway v. Cracker Barrel Old Country Store, Inc.*[15], a case he believes is strikingly similar to this case. In *Carraway,* an employee sued her former employer for intentional infliction of emotional distress for allegedly "spreading false rumors to [the employee's] former co-workers and customers that [the employee] stole money, used drugs, had a drinking and/or gambling problem and was lesbian."[16] The employee claimed that as a result of her former employer's actions, she had

---

[13]*See McGregor v. City of Olathe*, *Kan.*, 158 F. Supp. 2d 1225, 1242 (D. Kan. 2001) (citing *Fusaro v. First Family Mortgage Corp.*, 257 Kan. 794, 805, 897 P.2d 123, 131 (1995)); *Smith v. Welch*, 265 Kan. 868, 876, 967 P.2d 727, 733 (1998).

[14]*Roberts*, 230 Kan. at 294, 673 P.2d at 1180.

[15]2003 WL 21685909 (D. Kan. July 16, 2003).

[16]*Id.* at *14.

suffered hair loss, extreme weight fluctuation, and difficultly sleeping.[17] She further stated that her gynecologist "recommended that she seek treatment from a psychologist."[18] However, because she did not believe that a psychologist would help, she did not follow her gynecologist's recommendation.[19] The employer moved for summary judgment, arguing that the employee could not prove that its actions were extreme and outrageous or that she suffered severe emotional.

After reviewing the evidence, the court agreed with the employer that summary judgment should be granted. More specifically, the court ruled that the threshold requirement that the employer's conduct be extreme and outrageous was not met, stating that while spreading false rumors is not commendable, "it is not outrageous to the point that it goes beyond the bounds of decency and is utterly intolerable in a civilized society."[20] The Court also opined that even if the employee had met the first threshold requirement, summary judgment was warranted because the employee's distress was not sufficiently severe.[21]

As is apparent from the above description, there are substantial differences between the *Carraway* case and the one now before the court. To begin with, in this case, at the summary judgment stage, the Court made the threshold determination that Defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. In fact, as stated in its order, the Court found Defendant's conduct "so shocking and outrageous" that it "give[s] rise to an

---

[17]*Id.* at *15.

[18]*Id.* at *7.

[19]*Id.*

[20]*Id.* at *14 (international quotation marks omitted).

[21]*Id.*

inference of severe emotional distress."[22]  Furthermore, the plaintiffs in this case have presented evidence that they sought out and received psychological treatment for the distress they allegedly suffered.  As previously recognized by the Court, this fact is "an indicator of the distress's severity."[23]  Therefore, in light of these differences, the Court finds that the *Carraway* case is not sufficiently similar to the case at hand to merit a deviation from the Court's earlier ruling that Plaintiffs' intentional infliction of emotional distress claims should go to the jury.

**Reasonableness of Plaintiffs' Distress**

Defendant also contends that Piper's and Jeanie's distress is unreasonable.  He claims that Jeanie's overindulgence on chocolate, which has led to an increase in her weight, and inability to have sexual relations with her husband for over two years are exaggerated responses to viewing only one of the email's photographs for one second.  He also avers that Piper's sleeplessness, inability to have sexual relations, and neck tension are exaggerated responses to having pictures of her engaged in sexually explicit activity distributed to family, friends, and coworkers.  To determine whether Plaintiffs' distress is exaggerated or unreasonable, the Court applies a reasonable person standard.[24]

After considering the evidence presented, the Court does not find that Plaintiffs' distress is unreasonable and exaggerated as a matter of law.  First, due to the special relationship that exists between a parent and their child, the Court believes that a reasonable person could suffer protracted distress after viewing a picture depicting their child engaged in sexually explicit activity.  Second,

---

[22]*Peterson*, 2009 WL 3126229, at *2.

[23]*Nicol v. Auburn-Washburn USD 437*, 231 F. Supp. 2d 1107, 1119 (D. Kan. 2002).

[24]*See Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 311 (8th Cir. 2009) (discussing Missouri law, which like Kansas law, has adopted the Restatement (Second) of Torts § 46(1)).

-8-

the Court believes that the knowledge that pictures of you engaged in sexually explicit activity have been sent to those closest to you could lead a reasonable person to suffer protracted distress. As a consequence, the Court disagrees with Defendant's contention that he is entitled to judgment as a matter of law on Plaintiffs' intentional infliction of emotional distress claim.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's motion for judgment as a matter of law (Doc. 90) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 22nd day of December, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE